UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGLAS JOHNSON ]
    Plaintiff, ]
 ] No. 3:11cv509
v. ] (No. 3:11-mc-0015)
 ] JUDGE HAYNES
CCA METRO DAVIDSON COUNTY ]
DETENTION FACILITY ]
    Defendant. ]

## M E M O R A N D U M

Plaintiff, an inmate at the Metro Davidson County Detention Facility, filed this pro se action under 42 U.S.C. § 1983 against the Detention Facility. Plaintiff seeks damages for the Detention Facility medical personnel's refusal to provide him with prescribed medication to control his pain, swelling and infection. Plaintiff further alleges that he is being denied a low fat/low salt diet.

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527,535 (1981).

A county jail, detention facility or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991); see also Petty v. County of Franklin,

Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983).

Given the liberal construction standard for a pro se pleading, the Court construes the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Detention Facility. The denial of prescribed medication for pain state facts suggestive of an institutional failure. Thus, Plaintiff states a claim for relief and process shall issue to the Director of the Detention Center's medical unit.

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
United States District Judge